UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN GOLDMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO: |
| | § | |
| - against - | § | _____19-1283_____ |
| | § | |
| COX MEDIA GROUP, LLC, as owner of | § | JURY DEMANDED |
| austin360.com, eaglesanantonio.com, | § | |
| kkyx.com, | § | |
| and kissrocks.com, | § | |
| | | |
| Defendants. | | |

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

INTRODUCTION

1. This is an action for copyright infringement pursuant to the U.S. Copyright Act based on the unauthorized for-profit full display by websites operated by defendant Cox Media Group, LLC ("defendant") of a photograph created by plaintiff ("the Photo") that is protected by a federal copyright duly registered with the United States Copyright Office (Supplemental Certificate No. VA - 1-436-930).

POSSIBLY RELEVANT DISCLOSURE

2. A recently-terminated case in U.S. District Court for the Southern District of New York for copyright infringement was commenced by plaintiff here against other defendants based on their unauthorized for-profit full display of the Photo. That action was Goldman v. Breitbart News Network, LLC, et al., 17 Civ. 3144 (AJN)(SN). In that action, the Honorable Katherine B. Forrest, U.S.D.J., granted summary judgment to plaintiff on a specific legal issue, namely whether the process of "embedding" provides a defense to the defendants' alleged copyright infringements. The Court's judgment held that embedding provided no such defense.

302 F.Supp.3d 585 (S.D.N.Y. 2018).

THE PARTIES

3. Plaintiff Justin Goldman is a resident of the City and State of New York.

4. On information and belief, defendant is a business entity based in Atlanta, Georgia, that owns the websites austin360.com, eaglesanantonio.com, kkyx.com and kissrocks.com, ("defendant's Websites") that committed the copyright infringements that are the subject of this action and is legally responsible therefor.

JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1338.  Venue in this district is proper pursuant to 28 U.S.C. §1400(a).

UNDERLYING FACTS

6. On July 2, 2016, plaintiff created the Photo and he is the owner of a duly-issued registered copyright in it.  A copy of the Photo is annexed hereto as Exhibit "A."

7. Without plaintiff's knowledge or consent, the Photo was uploaded that same day to the Internet.

8. On information and belief, on or about July 2, 2016 and thereafter defendant's Websites, without any legal authority to do so, prominently displayed, in full and in full color, for for-profit purposes, a copy of the Photo.

CAUSE OF ACTION FOR
COPYRIGHT INFRINGEMENT AGAINST DEFENDANT

9. Plaintiff incorporates here the contents of Paragraphs 1 through 8 above.

10. The United States Copyright Act grants to all copyright owners the "exclusive right" to "display" their copyrighted works "publicly," 17 U.S.C. 106(5), and the Act defines "display" as "to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process or, in the case of a motion picture or other audiovisual work, to show

individual images nonsequentially."  17 U.S.C. 101.

      11. Defendant's unauthorized display of Plaintiff's photos on Defendant's Websites violated plaintiff's "exclusive right" to "display" the Photo by their public display of it without plaintiff's knowledge or consent and constitutes copyright infringement.  Accordingly, defendant is liable to plaintiff for the infringements by its Websites of plaintiff's registered copyright in the Photo.

PRAYER

WHEREFORE, with respect to each act of copyright infringement by defendant's Websites, plaintiff demands judgment a) issuing a permanent injunction preventing defendant's Websites from making any further unauthorized use or display of the Photo; b) awarding to plaintiff all appropriate damages, including statutory damages, as determined by the Court or jury; c) awarding to plaintiff profits attributable to each infringement; d) awarding to plaintiff costs and attorneys' fees; e) awarding all appropriate interest; and f) awarding such other relief as the Court deems just.

Dated: October 29, 2019

                s/ *Alicia Calzada*__
                Alicia Wagner Calzada
                Alicia Wagner Calzada PLLC
                Texas State Bar No. 24076296
                305 E. Ramsey Rd, suite 305
                San Antonio, TX 78216
                Telephone: (210) 825-1449
                Alicia@calzadalegal.com

                Kenneth P. Norwick
                *Pro Hac Vice* to be requested
                Norwick & Schad
                110 East 59th Street
                New York, New York 10022
                (212) 751-4440
                ken@norwickschad.com

                **Attorneys for Plaintiff Justin Goldman**